IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



| | | |
|---|---|---|
| TIMOTHY T. BANKSTON | | PLAINTIFF |
| v. | | CIVIL ACTION NO. 3:15cv38 DPJ-FKB |
| HINDS COUNTY, MISSISSIPPI and<br>HINDS COUNTY BOARD OF SUPERVISORS | | DEFENDANTS |

## COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Timothy T. Bankston, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under the Americans with Disabilities Act of 1990, as amended, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, as amended. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

1. Plaintiff, Timothy T. Bankston, is an adult male of Hinds County, Mississippi and resides at 5125 Tarryton Place, Jackson, MS 39206.

2. Defendants, Hinds County, Mississippi and Hinds County Board of Supervisors are government entities and may be served through the Hinds County Board of Supervisors President, Peggy Hobson-Calhoun, located in the Hinds County Chancery Court Building, 316 South President Street, Jackson, MS 39201.

### JURISDICTION AND VENUE

3. This Court has federal question jurisdiction and venue is proper in this court.

4. Plaintiff timely filed a Charge of Discrimination with the EEOC on

September 3, 2014, a true and correct copy of which is attached as Exhibit "A." Plaintiff filed an Amended Charge on September 29, 2014, after his termination, a copy of which is attached as Exhibit "B." On November 20, 2014, the MDES Administrative Law Judge issued a determination that, "The claimant was discharged for reasons other than work related misconduct." As such, Defendant is now bound by this factual determination, a copy of which is attached as Exhibit "C." Plaintiff received a Notice of Right to Sue from the EEOC on November 21, 2014, a true and correct copy of which is attached as Exhibit "D."

5. Plaintiff timely files this cause of action within the appropriate statute of limitations for claims arising under Title VII and the ADA.

## STATEMENT OF FACTS

6. Plaintiff was hired by Defendant on October 17, 2011 as a maintenance senior tech. He was assigned to work at the Hinds County Sheriff's Department.

7. In April 2013, Plaintiff was suspended without pay for allegedly selling a screwdriver to an inmate.

8. After an investigation, the Plaintiff was cleared of this charge and returned to work on February 10, 2014. As a part of his return, he was not supposed to be assigned to work at the Hinds County Sheriff's Department.

9. Michael Herrington, Director of Maintenance, Mickie Parker, Personnel Director and Tommie Rayford, Project Supervisor, were all aware that Plaintiff was not to be assigned to work at the Hinds County Sheriff's Department.

10. Although he was not supposed to be sent to work at the Hinds County Sheriff's Department, Plaintiff continued to be sent there, once by Michael Herrington and then ten or more times by Erik Borlin, Michael Herrington's replacement.

11. As a result of Defendant's systematic and calculated conduct, Plaintiff became emotionally stressed and had to seek medical treatment.

12. In August 2014, Plaintiff complained to the Interim Director, Erik Borlin, and was told by Mr. Borlin that he was "sick of" Plaintiff's complaining and for him to file a grievance.

13. Plaintiff filed a grievance with the Hinds County Board of Supervisors on August 11, 2014.

14. On August 19, 2014, Plaintiff sustained painful injuries in a non-work-related accident and was off work from August 21 through August 24, 2014.

15. After that, Defendant began to systematically retaliate against Plaintiff by assigning him to menial duties such as grass cutting, and he was written up by Tommie Rayford for walking through an area where management was allegedly having a meeting.

16. Plaintiff again was taken off work for three days because of the pain from his injuries. When he returned on August 29, 2014, he was assigned to the grass crew but was suspended three days for refusing to work with the grass cutting crew.

## COUNT I - VIOLATION OF THE ADA-DISCRIMINATION

17. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 16 above as if fully incorporated herein.

18. The Defendant violated the ADA by discriminating against Plaintiff by failing to reasonably accommodate Plaintiff, by stripping him of his job duties as a Maintenance Senior Tech, demoting him to the grass crew and ultimately by terminating Plaintiff for filing a charge with the EEOC for violation of Title VII and the ADA.

19. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT II – VIOLATION OF THE ADA & TITLE VII - RETALIATION

20. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 19 above as if fully incorporated herein.

21. Plaintiff was retaliated against by Defendant for engaging in protected activity by filing a grievance with the Hinds County Board of Supervisors and for filing a charge of discrimination with the EEOC.

22. Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same.

23. The acts of the Defendant constitute a willful intentional violation of the ADA and 42 U.S.C. § 2000(e) *et seq.*, and entitle Plaintiff to recovery of damages.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages or reinstatement; or
2. Future wages in lieu of reinstatement;
3. Compensatory damages;
4. Attorney's fees;
5. Costs and expenses; and

6.      Such further relief as is deemed just and proper.

THIS the 15th day of January 2015.

                                        Respectfully submitted,

                                        TIMOTHY T. BANKSTON, PLAINTIFF

By:  _____
                                        Louis H. Watson, Jr.  (MB# 9053)
                                        Nick Norris (MB# 101574)
                                        Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web: www.watsonnorris.com